**UNITED STATES of America, Appellee,**

v.

**Arthur O. CACCHILLO, Appellant.**

**No. 161, Docket 33751.**

United States Court of Appeals
Second Circuit.

Argued Sept. 18, 1969.

Decided Oct. 7, 1969.

Paul W. Orth, Hartford, Conn., for appellant.

Stewart H. Jones, U. S. Atty., District of Connecticut, for appellee.

Before MOORE, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

Arthur O. Cacchillo appeals from a judgment of conviction entered after a jury trial on an indictment in counts charging violation of 18 U.S.C. §§ 1341 and 1342 (1964), using the mails to defraud. Appellant was sentenced to three years' imprisonment on each count, the sentences to run concurrently. Finding that no reversible error was committed, we affirm.

The facts are undisputed. In June 1966 appellant completed and sent by mail to the Shell Oil Company an application for a credit card. Appellant, whose name is Arthur O. Cacchillo, made out the application in the name of Arthur Joseph Cacchillo. Arthur Joseph Cacchillo is the applicant's father. The information included in the application related to the appellant's father and not to the appellant. For example, the question on the application regarding salary was answered by entering the father's salary. Among assets listed was his father's equity in the family home. Although appellant was 33 years old at the time of making

the application, he listed his age as 60 which was his father's age.

Appellant lived with his parents. When the credit card addressed to the father came in the mail appellant took possession of it. Using the card on sixty-three separate occasions appellant received on credit $1238.40 worth of gasoline, oil, tires and automobile repairs. The sixty-three invoices were signed by appellant with the name "Arthur J. Cacchillo." Appellant's father, Arthur Joseph Cacchillo remained throughout wholly unaware of these activities of his son.

Nothing was paid on the Shell account and eventually the credit card was revoked and repossessed.

On this appeal appellant contends: (a) that there was insufficient evidence of intent to defraud by use of the mails; (b) that the judge's comments on the evidence unfairly supported the government's case and undermined the case for the defendant; (c) that the court's charge on reasonable doubt was plainly erroneous; (d) that the rule permitting a testifying defendant to be impeached by evidence of prior convictions, and thus, in this case, preventing appellant from taking the stand to tell his own story, deprived appellant of due process.

(a)  Intent.

■ There was evidence of intent sufficient to take the case to the jury. The entry of the detailed information on the application for the credit card suggested considerable thought and deliberation. The interception of the card itself and of all the subsequent bills was carefully planned and executed. The appellant continued to charge on the credit card after receiving a registered letter from Shell cancelling the card. He failed to comply with Shell's request for the return of the card and it had to be repossessed by a collection agency.

(b)  The trial judge's comments on the evidence.

In the federal courts the trial judge has a wide latitude in commenting on the evidence.

"In charging the jury, the trial judge is not limited to instructions of an abstract sort. It is within his province, whenever he thinks it necessary, to assist the jury in arriving at a just conclusion by explaining and commenting upon the evidence, by drawing their attention to the parts of it which he thinks important, and he may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted to their determination." Quercia v. United States, 289 U.S. 466, 469, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933). "The trial judge, had he chosen to do so, might have expressed himself in much more vigorous terms without in the slightest degree overstepping the bounds of the rule that preserves to trial judges in the federal system the common law right to comment on the evidence." United States v. Di Canio, 245 F.2d 713, 716–717 (2d Cir.), cert. denied, 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79 (1957).

■ In such a case as that presently before us, where the facts developed by the government are undisputed, the judge's comment is bound to reflect acceptance of the facts.

■ The defendant's argument which sought to persuade the jury that there was insufficient proof of a criminal intent was fairly presented in the judge's charge. The defendant's position was not "shattered" by the judge's comments, but by the evidence itself.

(c) The court's charge on reasonable doubt.

Appellant contends that the charge on reasonable doubt was confusing to the jury because the court used the word "reason" in defining the term and because the court instructed the jury that it must acquit "if you can draw two conclusions reasonably; one that he's innocent and one that he's guilty."

■ The words "reason" and "reasonable" are frequently used by courts in defining reasonable doubt. See, e. g., United States v. Aiken, 373 F.2d 294, 299

(2d Cir.), cert. denied, 389 U.S. 833, 88 S.Ct. 32, 19 L.Ed.2d 93 (1967) ("a doubt based on reason"). We know of no cases in which the instruction on reasonable doubt has been held to be insufficient because these words were used.

We do not agree with our brothers of the Third Circuit that an instruction to acquit "if you find the evidence respecting the defendant is as consistent with his innocence as with his guilt" is confusing. See United States v. Link, 202 F.2d 592, 594 (3d Cir. 1953). In fact a charge in practically the same words as those used in the present case was approved in United States v. Shapiro, 103 F.2d 775, 776 (2d Cir. 1939).

Moreover even if the charge were to be held to be erroneous, the error would not be available on appeal since no objection was made in the trial court and there was clearly no "plain error" within the meaning of Rule 52 of the Federal Rules of Criminal Procedure. United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

(d) Introduction of evidence of previous convictions to impeach a testifying defendant.

■ Appellant urges us to overrule the cases which hold that where a defendant takes the stand his credibility may be impeached by evidence of previous convictions. See, e. g., United States v. Ramsey, 315 F.2d 199 (2d Cir.), cert. denied, 375 U.S. 883, 84 S.Ct. 153, 11 L.Ed.2d 113 (1963); United States v. Cohen, 177 F.2d 523, 525 (2d Cir. 1949), cert. denied, 339 U.S. 914, 70 S.Ct. 568, 94 L.Ed. 1340 (1950). We decline to do so.

■ Appellant calls our attention to the rule adopted in Luck v. United States, 121 U.S.App.D.C. 151, 348 F.2d 763, 766–769 (1965), under which the trial judge has a large measure of discretion as to whether or not to admit for purposes of impeachment evidence of previous convictions. While that rule has much to commend it, and this court has endorsed a rule permitting limited dis-

cretion (United States v. Palumbo, 401 F.2d 270 (2d Cir. 1968), cert. denied, 394 U.S. 947, 89 S.Ct. 1281, 22 L.Ed.2d 480 (1969)), it can have no application in the present case since here the trial judge was asked to pass upon the abstract question of whether, if defendant testified, evidence of previous convictions would be permitted. The judge did not have before him either the evidence of defendant or the evidence of previous convictions, both of them essential for the exercise of discretion. Even under the *Luck* rule it would not be error for the judge to refuse to pass upon the issue under these circumstances. See Hood v. United States, 125 U.S.App.D.C. 16, 365 F.2d 949 (1966). See also United States v. Evanchik, 413 F.2d 950 (2d Cir. July 16, 1969); United States v. Hart, 407 F.2d 1087 (2d Cir.), cert. denied, 395 U.S. 916, 89 S.Ct. 1766, 23 L.Ed.2d 231 (1969).

Affirmed.