THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JESSIE JACKSON, Defendant-Appellant.

(No. 53755;

First District—April 22, 1971.

Gerald W. Getty, Public Defender, of Chicago, (Chester P. Majewski and James J. Doherty, Assistant Public Defenders, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and John A. Gibaitis, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Jessie Jackson, was convicted by a jury of the crime of burglary, and was sentenced by the court to a term of 3 to 7 years. He appeals, contending that the trial court erred in failing to conduct a hearing to determine whether defendant could testify without fear of having his prior conviction record introduced into evidence. Defendant also argues that he was penalized for exercising his right to trial by jury. A brief summary of the evidence offered by the State follows.

On July 31, 1968, at about 1:00 A.M., the complaining witness, accompanied by her five children and a male companion, returned to her apartment. When she started to unlock the door, she noticed that it was already unlocked. As they entered, they discovered all her belongings strewn about and the apartment in a state of disarray. The complaining witness noticed a shadow in the hallway, and her companion grabbed and subdued defendant. Defendant told them and the police that he had been let into the apartment by a man who was moving out.

After the State had rested its case, defense counsel informed the court that he had advised defendant to testify, but that defendant had indicated that he did not wish to do so. After the court denied defense counsel's motion for a directed verdict, defendant asked to have another lawyer other than the Public Defender. He stated that he wanted another lawyer because the Public Defender was not putting his defense before the jury.

The trial judge accurately informed defendant that he was the only person who could put his case before the jury since all other occurrence witnesses had testified for the State. The court also informed defendant that he had the right to refuse to testify. Defendant stated that he would not testify because the State would bring out his prior criminal record. The trial judge then explained to defendant that he was denying his motion for a change of attorney because the case had been on trial for two days and was nearly ended.

At the hearing in aggravation and mitigation conducted after the verdict and judgment of guilt was entered, it was brought out that in 1956 defendant was sentenced to the penitentiary for one year to one year and a day for assault to commit robbery. In 1959 defendant was sentenced to 6 months in the House of Correction. In 1961 defendant was sentenced for 2 to 5 years for burglary, and was released from the penitentiary in June 1965. In 1966 defendant was sentenced to one year in the State Farm at Vandalia for grand theft and aggravated battery. It was stipulated that defendant was 49 years of age.

Defendant first maintains that the trial court committed reversible error in failing on its own motion to conduct a hearing to determine whether or not defendant could be permitted to testify without having his prior conviction for the infamous crime of burglary introduced into evidence. Defendant concedes that no request for such a hearing was made at trial.

We are unaware of any authority or holding that requires a trial court on its own motion without request by defendant to conduct a hearing to determine the admissibility of a prior conviction as impeachment of defendant. However we do not decide the instant case on that narrow issue.

■■ The Criminal Code, Ill. Rev. Stat., 1967, ch. 38, par. 155—1, provides as follows:

"No person shall be disqualified as a witness in any criminal case or proceeding by reason of his interest in the event of the same, as a party or otherwise, or by reason of his having been convicted of any crime; but such interest or conviction may be shown for the purpose of affecting his credibility."

Our courts have also held that if a defendant takes the witness stand, he may be impeached only by proof of a prior conviction of an infamous crime. (*People v. Kirkpatrick* (1953), 413 Ill. 595, 110 N.E.2d 519.) Burglary is an infamous crime, Ill. Rev. Stat., 1967, ch. 38, par. 124—1, and in 1961 defendant had been convicted of burglary.

■■ Recently, in *People v. Montgomery* (1971), 47 Ill.2d 510, the

Supreme Court held that impeachment of a defendant by introduction of a prior conviction was a matter to be determined in the discretion of the trial judge, not the prosecutor. In that case, the court also ruled that even if the prior conviction involved conduct which reflected adversely on defendant's credibility, it could be considered too remote in time from the new charge, so that it should not be admitted into evidence. The court thereupon concluded that impeachment by introduction of a robbery conviction which occurred 21 years prior to trial while defendant was 18 years of age was improper. The court in *Montgomery* further decided that its ruling would be prospective, not retroactive. In the case at bar, there was no such remoteness of time between the prior conviction and the present charge. Defendant was tried on the instant charge in 1968. In 1961 while over 40 years of age, he had been convicted of burglary, certainly conduct which reflected adversely on his honesty and veracity. He had been released from the penitentiary on that charge just three years prior to the instant trial. If he had taken the stand, the prosecution would have been entitled to impeach him by proof of the prior burglary conviction. As a result, defendant elected not to testify. The trial court committed no error.

Defendant next contends that he was punished for exercising his right to a trial by jury. He maintains that he was offered a sentence of 1 to 3 years if he pleaded guilty, but that when he would not accept that sentence, he was sentenced to 3 to 7 years after trial.

■■ A defendant in a criminal case should not be punished merely because he exercises his constitutional right to be tried before an impartial judge or jury. (*People v. Moriarty* (1962), 25 Ill.2d 565, 185 N.E.2d 688.) However, an examination of the record in the instant case does not support defendant's claim that he was so penalized. At the time that defendant requested the court to appoint another lawyer for him, he also charged that the court had offered him a 1 to 3 year sentence if he pleaded guilty. The prosecutor immediately stated that the record should show that there had been no offer of any sentence before the court. The trial judge then asked defendant what he had to say, and defendant had nothing to add.

■■ Defendant's contention that he was penalized by his insistence on a jury trial is based upon his own statement that, if he pleaded guilty, the court had offered a lesser sentence than that actually imposed. The prosecutor promptly and emphatically denied that any such offer had been made. When the trial judge sought an explanation, defendant had nothing to say. It should also be noted that the allegation went unsupported by the one person who would have been aware of any such

agreement, defendant's own counsel. We find the contention to be without merit. Defendant was convicted of burglary, and in view of the circumstances of the crime and of his previous criminal record, the sentence imposed was fair and proper.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

DEMPSEY and McGLOON, JJ., concur.