THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANTHONY DEL GENIO, Defendant-Appellant.

(No. 71-341; ▮▮▮▮▮▮▮▮ .

Second District—February 15, 1973.

*Supplemental opinion upon denial of rehearing April 10, 1973.*

Paul Bradley, of Defender Project, of Elgin, for appellant.

John H. Maville, State's Attorney, of Belvidere, for the People.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

The defendant, Anthony Del Genio, was jointly indicted with Sandra L. Blassick and Hollis Pruitt for the offenses of kidnapping, aggravated kidnapping, and armed robbery. Upon the morning of the first day of trial prior to the jury being sworn, the defendant Sandra Blassick plead guilty to the charge of kidnapping. The defendant, Hollis Pruitt, collapsed shortly afterwards and was taken to the hospital. He was granted a severance and the defendant Del Genio was tried by a jury and found guilty of kidnapping, aggravated kidnapping, and armed robbery, and was sentenced to the Illinois State Penitentiary for a term of 10-20 years. Subsequent to the trial and prior to sentence the defendant moved for a psychiatric examination which was granted and the diagnosis of the psychiatrist was merely that he was an anti-social personality.

On this appeal Del Genio has raised the following issues: whether or not he was proven guilty beyond a reasonable doubt; whether the trial court abused its discretion in overruling his motion for a mistrial based upon alleged prejudicial newspaper publicity during the trial and without polling the jury as to the prejudicial publicity; and lastly, that the prosecutor made prejudicial statements relative to the theory of the defense, and further, that the prosecutor erred in commenting on the term "reasonable doubt."

On January 10, 1970, Illinois State troopers Jack L. Johnson and

James Fowler were on routine patrol on the northwest tollway. A white Cadillac occupied by two men and a woman made a U turn over the median strip. Johnson overtook the defendant with his squad car and pulled the car over. The two troopers got out of the car and met the driver of the Cadillac between the cars. The driver, subsequently identified by the troopers as Del Genio, pulled an automatic pistol out of his left hand pocket and disarmed both troopers. The second man got out of the car with a .45 caliber automatic. The woman in the car, Sandra Blassick, was holding two guns, a chrome revolver and a Luger automatic. Del Genio ordered trooper Johnson into the Cadillac and told him to drive it. Del Genio then took over the squad car and drove it. After they had gone about a mile, Del Genio pulled the squad car over, parked it on the side of the road, and got into the Cadillac. At this point trooper Johnson was sitting in the front seat of the Cadillac between Del Genio and Sandra Blassick. The other defendant, identified by the troopers as Hollis Pruitt, and trooper Fowler were sitting in the back seat. Eventually they left the toll road and ordered the troopers out of the car. It is to be noted that the two troopers were with the three persons for approximately thirty minutes and that it was daylight during the entire time. On January 31, 1970, Del Genio, Pruitt, and Blassick, were taken into custody in a farm house near Plainfield. Shortly thereafter apparently the three defendants were identified in a formal lineup by troopers Johnson and Fowler.

The first contention of defendant, Del Genio, is that the State failed to prove him guilty beyond a reasonable doubt because of alleged discrepancies and inconsistencies in the testimony of the two officers. In support of this contention the defendant has cited *People v. Reed* (1968), 103 Ill.App.2d 342, 243 N.E.2d 628. In *Reed* there was but one witness, the victim. It was night time and the incident involved took but a few seconds. The court determined that while the testimony of one witness was sufficient where it was vague and uncertain, the case should be reversed. That is not the situation in the instant case where the two state troopers were with the defendant for a period of thirty minutes in broad daylight.

In *People v. Kincy* (1966), 72 Ill.App.2d 419, 219 N.E.2d 662, also cited by defendant, the victim was only able to identify the robber because of a jacket which was not introduced into evidence. The court in considering the uncontradicted alibi of the defendant, the failure of the State to produce a witness who followed the perpetrator of the crime for fifteen blocks, and the failure to produce any witness who had seen the face of the defendant, reversed the conviction. That is not at all comparable to the instant case.

In *People v. Holiday* (1970), 47 Ill.2d 300, 265 N.E.2d 634, likewise cited by the defendant, the identification was from a single photograph. The court reversed and remanded for a hearing on the admissibility of identification testimony. This was a gang type killing which occurred at 2:00 o'clock in the morning. This too, is an entirely different factual situation from the instant case.

■■ Attention is directed to *People v. Del Genio*, this volume, and the authorities cited therein, where the same issue was raised, with particular reference to *People v. Strother* (1972), 53 Ill.2d 95, 100, 290 N.E.2d 201; and *People v. Charleston* (1969), 115 Ill.App.2d 190, 253 N.E.2d 91, 94. In the instant case we have two state troopers who positively identified the defendant. It is the peculiar province of the trier of facts, in this case the jury, to determine the credibility of the witnesses. In the instant case there were no opposing witnesses and there was no conflict by the testimony of any witnesses for the defendant; the only contention of the defendant being the inconsistencies of the two witnesses in their testimony, which in this court's opinion are minor. For example, there was a conflict of testimony whether Del Genio wore glasses. One trooper testified that he weighed between 175-190 pounds. The other trooper testified that he weighed 240-250 pounds. The basic premise of defendant's contention is that the state troopers being especially trained should have given a better description of Del Genio prior to his apprehension. No useful purpose would be served in describing the other alleged inconsistencies. There is no question in this court's mind but that the two state troopers, who as defendant states were especially trained, would have no difficulty in identifying a defendant at a later date with whom they were in close contact in broad daylight for a period of half an hour.

■■ Defendant next alleges that the jury may have been influenced by newspaper publicity during the course of the trial. The newspaper articles have been included in the transcript and we find nothing in those accounts that would come within the purview of the cases cited by defendant pertaining to the adverse effect of news media and a jury. The defendant has correctly stated that whether a mistrial shall be declared because the jurors have read an article concerning the trial rests in the sound discretion of the trial court. In *People v. Malmenato* (1958), 14 Ill.2d 52, 150 N.E.2d 806, the defendant was convicted of attempted burglary. During the course of the trial an article appeared in the Waukegan News Sun which concluded "Malmenato reportedly has a record of 43 arrests and no convictions." After the publication of the article the defense counsel made an oral motion for a mistrial. The court then interrogated the jurors and found one of them had read the article. He ad-

monished the juror that nothing he read was evidence. The juror then replied "It did not have much effect on me" and the court refused to grant a mistrial. The Supreme Court went on to say that such a motion was addressed to the sound discretion of the trial court.

■▌■ The articles in question appear to be two, one of which carried a headline "Sandra Blassick pleads guilty on kidnapping charge" and the other "Troopers identify Del Genio as their abductor" which article had pictures of Blassick and the defendant. The fallacy of defendant's argument is that the identification of Del Genio by the troopers was made in trial before the jury, together with considerable testimony as to there being another man and woman involved in the crime. The fact that one defendant had plead guilty in itself is not such a type of publicity as would warrant a new trial on the basis of a prejudicial effect thereby.

■▌■ The last contention of the defendant is that the prosecutor allegedly called the attention of the jury to the fact that the defendant did not testify. The remarks of the prosecutor now complained of by the defendant were:

> "* * * What is the defense, what is the testimony of the defendant. Well, I don't know. I'm not sure what it is. It seems to me to be possibly a number of theories, but they all pretty much boil down to let us try somebody else besides the defendant, I guess."

No objection was made at the trial or was this issue raised in the post trial motion. The courts of Illinois have repeatedly said that in the absence of plain error, the reviewing court will not consider grounds for reversal not raised in any fashion in the trial court. Particularly is this so in a case where the evidence is overwhelming as we feel it is in the instant case. Likewise, the defendant objects to the prosecutor's discussion of "reasonable doubt." This too, was not objected to in the trial nor in the post trial motion and therefore will not be considered by this court. Judgment of the trial court is affirmed.

Affirmed.

SEIDENFELD and ABRAHAMSON, JJ., concur.

## SUPPLEMENTAL OPINION

Mr. PRESIDING JUSTICE GUILD delivered the supplemental opinion of the court:

■■ Since the filing of the opinion herein the defendant has filed a petition for rehearing. He contends in this petition that his sentence for aggravated kidnapping and armed robbery should be reduced to 4-12

years under the provisions of the new Unified Code of Corrections, Ill. Rev. Stat., 1972 Supp. ch. 38, sec. 1001—1—1 *et seq.* He is incorrect. Both aggravated kidnapping and armed robbery are Class 1 felonies. Ill. Rev. Stat., 1972 Supp., ch. 38, sec. 1005—8—1(c)(2) provides that the minimum sentence for a Class 1 felony shall be four years. The Legislature did not provide that the minimum term be one-third of the maximum term. Petition for rehearing denied.

Sentences affirmed.

ABRAHAMSON and SEIDENFELD, JJ., concur.