Cooke, J.
In this appeal from an order affirming a judgment of conviction for robbery in the third degree and grand larceny in the third degree, defendant seeks reversal because of certain errors .which he contends took place in regard to his cross-examination.
During the early evening of November 2, 1972, Salvatore Di Gangi arrived at the Freeport, Long Island, railroad station. Experiencing difficulty in starting his car parked in a nearby lot, he asked two men, one of whom was defendant, for assistance and offered to give them “ a couple of dollars.” After fruitless efforts, Watts, defendant’s friend, left the area. Di G-angi testified: that defendant then grabbed his right arm with '‘ heavy pressure ” and said “ Give me all your money or you will get hurt. We iwill give you a push to get you started and to get you out of here, but give me all of your money”; that, while his arm was still being held with the same firmness, Di G-angi pulled out his wallet, gave defendant a $5 bill and said “ That’s all I have that defendant kept repeating “ You must have more. *261 Give it to me or you ¡will get hurt and don’t make a scene. Don’t make a scene that at this time defendant’s hand was in his pocket so as to create a bulge showing in the pocket on the left leg; that, when defendant said “ You must have some change ’ ’, Di Gangi reached into his rear pocket and produced between 60 cents and a dollar; that defendant said “ Let’s go ” and they started walking towards the railroad station, when they came upon a police officer; and that, when Di Gangi walked around the officer and siaid “ I’ve just been robbed. I think he has a (knife, ’ ’ defendant was placed under arrest. A subsequent search failed to reveal a weapon but produced a $5 bill and 96 cents in change.
On the stand, defendant related that he told Di Gangi, during the unsuccessful starting efforts, that the “battery is going down and now you need jump. * * * Okay, give up the cash and we will go get a jump ’ ’, whereupon Di Gangi gave him a $5. bill and some change. Defendant also stated that at no time did he touch or threaten Di Gangi nor did he place his hand in his pocket so as to simulate the presence of a weapon.
On cross-examination of defendant, the following questioning took place:
“ Q. * * * Isn’t it true, sir, that in the past you have used heroin?
“ Mr. Spizz: Objection.
‘‘ The Court: Overruled.
“A. Yes.
“ Q. And during what period of time? A. ’68 to ’71.
" Q. And during that period of time how much heroin did you use a day? A. I can’t recall now.
“ Q. You don’t remember? A. No.
‘‘ The Court: You don’t know how much your daily habit was ?
‘‘ Witness: Well, around 15 bags a day.
“ Q. How much was a bag of heroin? A. $4.00.
“ Q. So that would be approximately $60.00 a day. A. Yes.
“ Q. And that is for seven days a week? A. Yes.
“ Q. Did you have la job during that period of time? A. Yes.
“ Mr. Spizz: Objection. I am objecting—standing objection to this line of questioning.
“ The Court: You can’t have a standing objection. You have to object to each question.
*262 ‘‘ Q. Hoiw much did that job pay per week?
“ Mr. Spizz: Objection. Immaterial. •
" The Court: Overruled.
“A. I never got paid by the whole week.
“ Q. 'Did you ever make $300.00 a week? A. No.
“ Q. Less than that? A. Yes.
“ Q. But yet your habit was $420,001 A. Yes.”
Stated as a basic, a defendant who chooses to testify may be cross-examined concerning any immoral, vicious or criminal acts of hi,s life which have a bearing on his credibility as a witness, provided the cross-examiner questions in good faith and upon a reasonable basis in fact (People v. Kass, 25 N Y 2d 123,125-126; People v. Schwartzman, 24 N Y 2d 241, 244, cert. den. 396 U. S. 846; Richardson, Evidence [Prince — 10th ed.], § 498). At the same time, the law is inflexibly set against questioning as to such acts when the. obvious intent is to show from character or experience a propensity to commit the crime for which defendant is on trial (People v. Schwartzman, supra, p. 247; People v. Russell, 266 N. Y. 147, 152; People v. Zackowitz, 254 N. Y. 192, 197; People v. Molneux, 168 N. Y. 264, 291-293; People v. Johnson, 31 A D 2d 842).
Tested in the light of these principles, an interrogation of defendant as to his use and, consequently, his possession of heroin, a criminal offense under article 220 of the Penal Law, was proper. The responses evinced a “ demonstrated determination deliberately to further self-interest at the expense of society” and went to “honesty and integrity” (see People v. Sandoval, 34 N Y 2d 371, 877). The inquiry was directed, not at addiction as such or at addiction of the defendant while on the stand (cf. People v. Williams, 6 N Y 2d 18, 28-29), but rather at widespread illegality regarding narcotics, so as to reveal a disposition or willingness on his part to place self-interest ahead .of principle and society, proof that was relevant to suggest his readiness as a witness to do so again (cf. People v. Sandoval, supra).
The extent to which disparaging questions, not relevant to the issues, but bearing on the credibility of a witness, may be put upon cross-examination is discretionary with the trial court and its rulings are not subject to review, unless it clearly appears *263 that the discretion has been abused (People v. Schwartzman, supra, p. 244; La Beau v. People, 34 N. Y. 223, 230; Richardson, Evidence [Prince — 10th ed.], § 500). In People v. Sorge (301 N. Y. 198), a case involving cross-examination of defendant as to prior misdeeds, this court pointedly declared that “ the wide latitude and the broad discretion that must be .vouchsafed to the trial judge, if he is to administer a trial effectively, precludes this court, in the absence of ‘ plain abuse and injustice ’ * * * from substituting its judgment for his and from making that difference of opinion, in the difficult and ineffable realm of discretion, a basis for reversal ” (p. 202). 'Since defendant testified that he could not recall the amount of heroin he used each day and since no objections were interposed to the questions as to whether he made $300 -a week, although his habit was $420, despite the court’s admonition that objections were to be entered to each question rather than by a “ standing objection,” it would not become this court to state that discretion had been clearly abused.
Prior to trial and on May 10, 1973, the County Court denied defendant’s motion to restrain the prosecution from cross-examining or interrogating defendant ‘ ‘ concerning his prior criminal record. ’ ’ The moving papers did not reveal the nature of the record or the underlying conduct to be circumscribed by the requested restraint, but an affidavit in opposition contained specifics of two occasions on which defendant was adjudged a youthful offender. On June 19,1974, this court decided People v. Sandoval (34 N Y 2d 371, supra) in which it was held that a Trial Judge may ‘ ‘ make an advance ruling as to the use by the prosecutor of prior convictions or proof of the prior commission of specific criminal, vicious or immoral acts for the purpose of impeaching a defendant’s credibility” (p. 374), the procedural vehicle being a motion in which the defendant is free to give material and relevant proof (p. 375), and thereby the defendant, with definitive advance knowledge of the scope of cross-examination as to prior conduct to which he will be subjected, can decide whether ;o take the witness stand (p. 375). In each case the defendant shall inform the court of the prior convictions and misconduct which might unfairly affect him as a witness in his own behalf (p. 378), a directive not complied with *264 here, although in fairness, the instant application was made prior to the charting of course in Sandoval (see People v. Duffy, 44 AD 2d 298).
Although it would be impermissible to use a youthful offender adjudication to impeach (CPL 720.35; People v. McCarthy, 283 App. Div. 876, affd. 308 N. Y. 302), the illegal and immoral acts underlying the adjudication may be employed for such a purpose (People v. Vidal, 26 N Y 2d 249, 253-254), as was done here. The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order affirmed.