THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID HILL, Defendant-Appellant.

(No. 74-178; )

Fifth District—December 17, 1975.

Paul Bradley and Eva Weisner, both of State Appellate Defender's Office, of Chicago, for appellant.

Kelly D. Long, State's Attorney, of Hillsboro (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

·· Mr. JUSTICE JONES delivered the opinion of the court:

· ·Defendant, David Hill, appeals from a conviction for burglary for which he received a sentence of three to nine years. Defendant, along with Dennis Plozizka, was charged by indictment with the May 12, 1973, burglary of Niehaus Cycle Sales in Litchfield, Illinois. A third party involved in the alleged incident, Dale Woodland, was separately charged in juvenile proceedings.

The evidence showed that on the night of May 12, 1973, a Litchfield police officer arrived at the Niehaus Cycle Shop and from outside the shop saw the defendants within. The officer tapped on the front window of the shop and immediately thereafter defendant Hill was observed scooting into the darkness of a back room. Soon more officers arrived. Woodland was apprehended as he tried to escape through a rear window, and Hill and Plozizka were apprehended inside the shop. Entry had been gained into the building by the forcing of the rear window, and the police found that numerous items had been piled in the back of the shop near that window.

On September 26, 1973, the joint trial of Hill and Plozizka commenced. The jury was impaneled, and the State called as its first witness the officer who first arrived at the motorcycle shop on the night of May 12, 1973. During the course of his testimony the officer stated that upon taking the defendants into custody he had removed a pair of socks from the hands of both Hill and Plozizka. The officer also stated that Plozizka' had made an oral statement to the effect that the three had intended to obtain parts for Woodland's motorcycle. After the officer had made these statements defendants made a motion for mistrial on the basis that defense counsel had not been made aware of either the socks or the oral statement pursuant to their discovery motion. The mistrial was granted.

· Two days after the mistrial was granted both defendants filed a motion to dismiss based on a theory of double jeopardy. The motion was denied. Also at that time the causes against Hill and Plozizka were severed for separate trials.

On January 28, 1974, before a different trial judge, the second trial of defendant Hill was commenced. Prior to the trial, however, defense counsel made an oral motion to renew a written motion which had been filed before the first trial and which sought a ruling on the admissibility of defendant Hill's prior burglary conviction for impeachment of Hill. The trial judge refused to rule on the motion, stating that it should be made at the time the State sought to use the prior conviction. The case then proceeded to trial resulting in the conviction of Hill.

Defendant's first contention is that the second trial constituted double jeopardy in violation of the United States and Illinois Constitutions

and section 3—4(a)(3) of the Criminal Code (Ill. Rev. Stat., ch. 38, § 3—4(a)(3)). When it became apparent at the first trial that the State's Attorney had not complied totally with defense counsel's request to inspect evidence in the State's possession, defense counsel moved for and was granted a mistrial. At the second trial, and again on this appeal, defendant asserted the termination of his first trial was improper and that, since jeopardy had attached a second trial was barred. The United State's Constitution, amendment V, provides "nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb * * *." The Illinois Constitution, 1970, article I, section 10, provides "no person shall be twice put in jeopardy for the same offense." Illinois also has a statutory enactment of the Double Jeopardy clause, as follows in part:

> "(a) A prosecution is barred if the defendant was formerly prosecuted for the same offense, based upon the same facts, if such former prosecution:
>
> * * *
>
> (3) Was terminated improperly after the jury was impaneled and sworn * * *." (Ill. Rev. Stat., ch. 38, § 3—4(a)(3).)

The Committee Comments to section 3—4 (Ill. Ann. Stat., ch. 38, § 3—4 (Smith-Hurd, 1972)) state:

> "The second situation is that of the 'improper termination' of a prosecution after the trial has commenced (sec. 3—4(a)(3)). Certain 'proper' terminations are generally recognized which do not result in a bar to subsequent prosecution: for example, a termination to which the defendant consents or to which he waives his right to object * * *."

■■ The Committee Comments also refer to the Model Penal Code, section 1.09(4) (Tentative Draft No. 5, 1956), and comments following, for examples of proper and improper terminations. (Section 1.09(4) became section 1.08(4) of the Proposed Official Draft of the Model Penal Code, 1962, and the comments were retained as applicable.) At page 53 of the Tentative Draft No. 5 of the Model Penal Code the following is stated:

> "Under the draft a termination is improper unless it falls within two broad conceptions:
>
> (1) First, where the defendant consents to the termination or waives his right to object to it. A defendant who expressly consents to the termination *or who moves for a mistrial ought not be allowed to claim later that the termination was improper.*"

(Emphasis added.)

The emphasized portion of these comments accurately states what has

been the generally recognized rule with regard to double jeopardy claims following a defendant's motion for a mistrial. See *United States v. Tateo,* 377 U.S. 463, 467, 12 L.Ed.2d 448, 451, 84 S.Ct. 1587, 1590. In the past several years, however, the United States Supreme Court and the Illinois Supreme Court have indicated in dicta that in some cases a subsequent prosecution of a defendant for the same offense may be barred (even though the first prosecution was terminated as a result of defendant's motion for a mistrial) if defendant's motion was necessitated by prosecutorial or judicial overreaching.

> "Thus, where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error. 12 * * * 12. Conversely, where a defendant's mistrial motion is necessitated by judicial or prosecutorial impropriety designed to avoid an acquittal, reprosecution might well be barred. Cf. *United States v. Tateo, supra,* at 468 n. 3; n. 11, *supra.*" (*United States v. Jorn,* 400 U.S. 470, 485, 27 L.Ed.2d 543, 556, 91 S.Ct. 547.)

Also see *People v. Handley,* 51 Ill.2d 229, 235, 282 N.E.2d 131, 135-36, cert. denied, 409 U.S. 914, 34 L.Ed.2d 175, 93 S.Ct. 247.

■■ It is thus evident from the language of *Tateo* and *Jorn* that the "prosecutorial or judicial overreaching" needed for a defendant to be able to advantageously claim double jeopardy after his own motion for a mistrial is granted is something more than mere procedural error. It is improper conduct on the part of the judge or the prosecutor which is specifically aimed at depriving the defendant of the opportunity of having a fair trial by an impartial jury.

■■ In the instant case there is no evidence or suggestion of judicial or prosecutorial overreaching as that phrase is described above. There was, therefore, no double jeopardy violation when defendant was retried following the granting of his motion for a mistrial.

The second contention raised by the defendant on the appeal is that the trial court erred in refusing to make an advance ruling on whether evidence of defendant's prior convictions would be admissible for impeachment. On August 15, 1973, prior to defendant's first trial, defense counsel filed a written motion for an order excluding the use of defendant's prior burglary conviction. The motion set forth four grounds in support of the requested exclusion: (1) that the admission of the prior burglary conviction would be so prejudicial that defendant would not be able to receive a fair trial; (2) that the statute permitting such admission gives the trial court discretion to refuse admission; (3) that the

statutory provision permitting such admission is unconstitutional; and (4) that the "conviction of a crime which does not in actuality relate to the testimonial worth of defendant will prejudice the defendant." On September 13, 1973, the trial court denied the motion.

At the outset of defendant's second trial, which was heard before a different judge, defense counsel made an oral request to renew the above-mentioned motion. The court refused to rule on the motion, making the following statement:

"Well, for the record then can show that you have made this motion but the Court believes that the proper time for renewal now is when and if any such attempt is made by the state to introduce such evidence. So for that reason at this time the motion will be overruled without prejudice to your right to renew it should it occur during the trial."

Immediately thereafter the roll of the prospective venireman was called and the impaneling of the jury was undertaken. Defendant did not testify during the trial, and, therefore, the State did not have occasion to attempt to impeach him.

In *People v. Montgomery*, 47 Ill.2d 510, 268 N.E.2d 695, the Illinois Supreme Court held that whether impeachment of a defendant by proof of a prior conviction should be permitted is a matter resting within the sound judicial discretion of the trial court. *Montgomery* relied heavily upon Rule 609, approved by the Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. Rule 609, in turn was based on *Luck v. United States* (D.C. Cir. 1965), 121 U.S.App.D.C. 151, 348, F.2d 763, and *Gordon v. United States* (D.C. Cir. 1967), 127 U.S.App.D.C. 343, 383 F.2d 936. As pointed out by Judge, now Chief Justice, Burger in *Gordon*, the rationale for the *Luck* opinion was that, although prior convictions can be probative on the issue of the credibility of a witness, in some cases the potential prejudice caused by allowing the jury to be made aware of the prior convictions may be so great that the prior convictions should not be shown. Because no set rule could be stated which would determine when the potential prejudice would be so great that the evidence should be excluded, the matter was properly for the discretion of the trial court.

"The defendant who has a criminal record may ask the court to weigh the probative value of the convictions as to the credibility against the degree of prejudice which the revelation of his past crimes would cause; and he may ask the court to consider whether it is more important for the jury to hear his story than to know about prior convictions in relation to his credibility. We contemplated the possibility of allowing some convictions to be shown

and some excluded * * *." *Gordon v. United States* (D.C. Cir. 1967), 127 U.S.App.D.C. 343, 346, 383 F.2d 936, 939.

Although the issue in the instant case is related to the issue decided in *Montgomery*, it is nevertheless distinct from the *Montgomery* issue and therefore requires separate consideration. *Montgomery* involved the question of whether the trial court has discretion to preclude use of prior convictions; the instant case involves the question of *when* the trial court should exercise that discretionary power. Neither the defendant nor the State has cited any Illinois cases which have decided the issue involved herein. Our own research indicates that at least two Illinois cases, *People v. Davis*, 18 Ill.App.3d 793, 310 N.E.2d 682, and *People v. Jackson*, 132 Ill.App.2d 464, 270 N.E.2d 498 (to be discussed hereinafter), have given some consideration to this issue. The issue has also been discussed in a number of cases from other jurisdictions.

In *Gordon v. United States*, the defendant raised the issue that the District Court Judge had abused the discretion vested in him by *Luck v. United States* by permitting impeachment of the defendant by a showing of prior convictions. The United States Circuit Court for the District of Columbia held that the defendant had failed to properly present the issue to the trial court in the manner contemplated by *Luck*. That is, there had been *no meaningful invocation* of the trial court's discretion under *Luck*. Therefore, the defendant presented no basis upon which the circuit court could disturb the lower court's judgment. The court, however, went on to discuss at length the *Luck* doctrine, the manner in which the trial court's discretion under *Luck* is invoked, and the burden of persuasion which the defendant has once that discretion has been invoked. Portions of that discussion merit repetition here.

"The *Luck* opinion contemplated an on-the-record consideration by the trial judge whose action would be reviewable only for abuse of discretion, and that once the exercise of discretion appeared, the trial court's action be 'accorded a respect appropriately reflective of the inescapable remoteness of appellate review.' * * *

*Luck* also contemplated that it was for the defendant to present to the trial court sufficient reasons for withholding past convictions from the jury in the face of a statute which makes such convictions admissible. *See* Hood v. United States, *supra*. The underlying assumption was that prior convictions would ordinarily be admissible unless this burden is met. * * * The test of *Luck*, however, is that to bar them as impeachment the court must find that the prejudice must 'far outweigh' the probative relevance to credibility, or that even if relevant the 'cause of truth would be helped more by letting the jury hear the defendant's story than

by the defendant's foregoing that opportunity because of the fear of prejudice founded upon a prior conviction.'

The burden of persuasion in this regard is on the accused; and, *once the issue is raised, the District Court should make an inquiry, allowing the accused an opportunity to show why judicial discretion should be exercised in favor of exclusion of the criminal record.* * * *

\* \* \*

We recognize the undesirability of prolonging the trial unduly when the court is already confronted with requirements which work to that end, but in many cases, the best way for the District Judge to evaluate that situation is to have the accused take the stand in a non-jury hearing and elicit his testimony and allow cross examination before resolving the *Luck* issue. Not only the trial judge, but both counsel, would then be in a better position to make decisions concerning the impeachment issue." (Emphasis added.) *Gordon v. United States* (D.C. Cir. 1967), 127 U.S.App. D.C. 343, 346-48, 383 F.2d 936, 939-41.

In *Jones v. United States* (D.C. Cir. 1968), 131 U.S.App.D.C. 88, 402 F.2d 639, the admission of the defendant's prior conviction to impeach his credibility was held to be prejudicial error under *Luck* requiring reversal and remandment for a new trial. The circuit court was squarely confronted with the issue of whether the discretionary power of the trial court under *Luck* was properly invoked. The court stated:

"Appellant's trial counsel made three attempts to raise the *Luck* issue. At a bench conference at the start of trial and again during the Government's case counsel raised the issue, pointing out that his trial strategy depended upon the judge's ruling. *The judge stated in both instances that the point was premature.* At the end of the Government's case the defense again re-urged the issue, informing the court of the nature of appellant's prior conviction. The court, without questioning the defense as to the nature of appellant's proposed testimony, ruled that the prior conviction of assault was admissible. The Government contends that these defense efforts were insufficient to raise *Luck*. We disagree. The defense made it clear that it wanted the judge to consider the *Luck* issue; once *the defense has brought the issue before the judge, even though the burden of persuasion remains on the defendant, there is a duty upon the judge to make sufficient inquiry to inform himself on the relevant considerations* * * *." (Emphasis added.) 131 U.S.App.D.C. 88, 92, 402 F.2d 639, 643.

The power of the trial court under *Luck* to make an advance ruling

prohibiting the use of prior convictions for impeachment of the defendant has also been expressly recognized in *United States v. Palumbo* (2d Cir. 1968), 401 F.2d 270, *cert. denied,* 394 U.S. 947; and *United States v. Puco* (2d Cir. 1971), 453 F.2d 539, *cert. denied,* 414 U.S. 844, and implicitly recognized in *United States v. Hildreth* (4th Cir. 1967), 387 F.2d 328; and *United States v. Allison* (9th Cir. 1969), 414 F.2d 407, *cert. denied,* 396 U.S. 968.

In *Puco* the defendant had requested an advance ruling prohibiting impeachment of him on the basis of a prior conviction. The request was denied at a pretrial hearing. Defendant then went on to testify at trial and both on direct exam and cross exam he answered questions concerning his past conviction. The Second Circuit court held that the pretrial ruling was an abuse of discretion and reversed and remanded for a new trial. In *Allison* defense counsel merely cited *Luck* and requested a total exclusion of any reference to the defendant's criminal record should he decide to testify at the trial. The Ninth Circuit court held that defense counsel's effort fell short of a "meaningful invocation" of the trial court's discretion. 414 F.2d 407, 412.

Similar to *Allison* is *United States v. Cacchillo* (2d Cir. 1969), 416 F.2d 231, in which the court, although restating its position in favor of the *Luck* doctrine, held that the defendant had not properly invoked the discretion of the trial court.

> "While [the *Luck*] rule has much to commend it, and this court has endorsed a rule permitting limited discretion (*United States v. Palumbo* [citation]), it can have no application in the present case since here the trial judge was asked to pass upon the abstract question of whether, if defendant testified, evidence of previous convictions would be permitted. The judge did not have before him either the evidence of defendant or the evidence of previous convictions, both of them essential for the exercise of discretion. Even under the *Luck* rule it would not be error for the judge to refuse to pass upon the issue under these circumstances. [Citations.]" 416 F.2d 231, 234.

In contrast to the Federal cases which have recognized the ability of a defendant to invoke the discretion of the trial court under *Luck* is *United States v. Cox* (7th Cir. 1970), 428 F.2d 683, *cert. denied,* 400 U.S. 881, which arose out of the Eastern District of Wisconsin. In *Cox* the defendant contended that the refusal of the trial court to exercise its discretion by ruling prior to trial upon admitting or excluding his previous felony convictions for impeachment purposes was error in that it forced the defendant to remain silent rather than risk misuse by the jury of his record of such convictions. The court pointed out in

footnote 4 on page 689 that neither defendant's motion nor the record of the proceedings disclosed the particular felony convictions defendant sought to exclude and that defense counsel did not raise the issue again "at the appropriate stage in the trial." The court also pointed out in the footnote that, since defendant had not testified, the value of his testimony and the possible prejudice involved in use of his prior convictions were matters of speculation. The court stated its position on this issue as follows:

> "Assuming the district court's denial of Cox's motion to have been prejudicial, we conclude that it was correct. The accused who must risk prejudice to his case from misuse of prior convictions faces a lamentable dilemma. Numerous alternatives have been proposed as remedies to this difficult tactical and evidentiary knot. With few exceptions, however, the general practice remains to treat the accused like any other witness. [Citations.]" 428 F.2d 683, 689.

More recently a number of sister State courts have also dealt with the issue involved in the instant case. In *State v. Martin* (Iowa 1974), 217 N.W.2d 536, the Supreme Court of Iowa suggested that on a proper motion the trial court should grant a pretrial hearing for the purposes of eliciting and weighing the relevant factors regarding the possible impeachment on the basis of prior convictions of the defendant.

In *Iles v. Commonwealth* (Ky. 1972), 476 S.W.2d 170, the highest court of Kentucky was confronted with the same issue. On the day of his trial, prior to jury selection, the defendant had made a motion for a pretrial hearing to determine whether prior convictions could be used to impeach him. The trial court overruled the motion and the trial was commenced. The defendant then took the witness stand to testify in his own behalf and the prosecutor impeached him by asking about his prior "imprisonment." In addition to holding that questioning as to prior imprisonment was error, the court also held that the denial of defendant's motion for the pretrial hearing was reversible error.

A very thorough treatment of this problem was given by the New York Court of Appeals in *People v. Sandoval* (1974), 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413. In *Sandoval*, defense counsel made a motion prior to trial to exclude impeachment based on defendant's prior convictions. The trial court then considered the prior convictions and charges against the defendant and ruled that some would be admissible and some not. The Court of Appeals found this to be a proper exercise of discretion. The court went on to make a lengthy discussion of the issue, much of which merits repetition here:

> "It is appropriate, however, to consider the procedural and

substantive rights of a defendant to obtain a prospective ruling as to the permissible scope of his cross-examination concerning prior commission of specific criminal, vicious and immoral acts, on the basis of which, *inter alia,* he will decide whether to take the witness stand in his own defense.

\* \* \*

We now hold that in exercise of that discretion a Trial Judge may, as the Trial Judge in this case did, make an advance ruling as to the use by the prosecutor of prior convictions or proof of the prior commission of specific criminal, vicious or immoral acts for the purpose of impeaching a defendant's credibility \* \* \*.

\* \* \*

In most cases, as in this case, but not necessarily in all cases, a pretrial motion will be preferable. [Citation.] Thereby, the defendant with definitive advance knowledge of the scope of cross-examination as to prior conduct to which he will be subjected, can decide whether to take the witness stand. Revelation of the impeachment testimony and announcement of the trial court's ruling in advance of trial are consistent with the objectives today of broad pretrial discovery and disclosure.

\* \* \*

In each case the defendant shall inform the court of the prior convictions and misconduct which might unfairly affect him as a witness in his own behalf. The trial court in its discretion and in the interests of justice shall then determine whether and to what extent the particular defendant has met his burden, and it is his, of demonstrating that the prejudicial effect of the admission of evidence thereof for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion." 34 N.Y.2d 371, 373-78, 357 N.Y.S.2d 849, 852-56, 314 N.E.2d 413, 415-18.

In a very recent opinion, *People v. Duffy* (1975), 36 N.Y.2d 258, 367 N.Y.S.2d 236, 326 N.E.2d 804, the New York Court of Appeals was again faced with this issue. In *Duffy* the defendant had filed a motion to restrain the prosecution from cross-examining or interrogating the defendant concerning his "prior criminal record." The Court of Appeals pointed out that the written motion did not reveal the nature of the record or the underlying conduct to be circumscribed by the requested restraint. The court held that the defendant's motion was therefore insufficient to invoke the discretion of the trial court.

"In each case the defendant shall inform the court of the prior convictions and misconduct which might unfairly affect him as a

witness in his own behalf [citation], a directive not complied with here * * *." 36 N.Y.2d 258, 264, 367 N.Y.S.2d 236, 241, 326 N.E.2d 804, 807.

As mentioned above the issue with which we are presently concerned was discussed by courts of this State in *People v. Davis* and *People v. Jackson.* In *Davis* the record showed that although some discussion of the possible application of *Montgomery* occurred before the trial court, the *Montgomery* question was never really put in issue. Defense counsel made an oral "motion for a protective order" but never placed before the trial court "any specific facts upon which the trial court could intelligently rule." (18 Ill.App.3d 793, 799, 310 N.E.2d 682, 688.) Clearly the trial court would not have to decide in the abstract whether a defendant could be impeached by proof of prior convictions. (See *United States v. Allison.*) *Jackson,* which was decided a few months after *Montgomery,* involved an appeal from a 1968 burglary conviction. The defendant also had a prior burglary conviction; and on appeal, the defendant contended that the trial court erred in failing to determine on its own motion whether the defendant could testify without facing impeachment based on the prior burglary conviction. (The defendant conceded that no request had been made for a hearing on the matter.) The appellate court decided that the trial court had not committed error. It is clear, however, that the court did not rest its decision on the failure of the defendant to request the hearing, as is indicated in the following statement:

"We are unaware of any authority or holding that requires a trial court on its own motion without request by defendant to conduct a hearing to determine the admissibility of a prior conviction as impeachment of defendant. However we do not decide the instant case in that narrow issue." 132 Ill.App.2d 464, 466, 270 N.E.2d 498, 500.

The basis of the *Jackson* decision apparently rested on two grounds: (1) the defendant was tried approximately three years before *Montgomery* and was not, therefore, within the prospective effect of *Montgomery*; and (2) the defendant was not prejudiced because even if the defendant had taken the stand (which he did not) he could have been impeached by proof of the prior burglary conviction since it was an infamous crime and was not sufficiently remote in time.

As will be discussed hereinafter, we cannot agree that an absence of prejudice can be so assumed. As pointed out in *Montgomery* and *Gordon,* one of the several factors which a trial court can take into account in exercising its discretion under the *Luck* doctrine is the similarity of the prior conviction to the one for which the defendant is then being tried. See *People v. Montgomery,* 47 Ill.2d 510, 518, 268 N.E. 2d 695, 700.

"A special and even more difficult problem arises when the prior conviction is for the same or substantially the same conduct for which the accused is on trial. * * * As a general guide, those convictions which are for the same crime should be admitted sparingly * * *." (*Gordon v. United States*, 383 F.2d 936, 940.) Nevertheless, the Illinois Appellate Courts since *Montgomery* have not, in any case, felt constrained to find that the introduction of a conviction of a similar offense has been prejudicial to the defendant. In addition to *People v. Jackson*, see *People v. Dee*, 26 Ill.App.3d 691, 325 N.E.2d 336 (offense armed robbery, prior conviction armed robbery); *People v. Ridley*, 25 Ill.App.3d 596, 323 N.E.2d 577 (offense armed robbery, prior conviction armed robbery); *People v. Dailey*, 15 Ill.App.3d 214, 304 N.E.2d 156 (offense burglary, prior conviction burglary); *People v. Overturf*, 12 Ill.App.3d 441, 299 N.E.34 (offense burglary, prior conviction burglary); *People v. Clark*, 3 Ill.App.3d 196, 278 N.E.2d 511 (offense armed robbery, prior conviction robbery).

However, to hold, as the court did in *Jackson*, that the lack of a pretrial hearing on the impeachment issue was not prejudicial to the defendant because in Illinois he could have been impeached anyway had he taken the stand, seems to ignore the holding of *Montgomery* and the rationale of both *Montgomery* and *Gordon*. The holding of *Montgomery* was that the determination of whether or not a prior conviction can be shown for impeachment of the defendant is a matter for the discretion of the trial court. Thus a trial court can, in a proper case, preclude the use of a prior conviction even though the prior conviction is an infamous crime. That, in essence, is what makes the power of the trial court a discretionary power. It does not make sense to hold that the result of a nonexercise of discretion was proper because if the judge had exercised his discretion and reached the same result, that result would have been properly within the bounds governing the discretion. Such a holding would be, in effect, an exercise by the appellate court of the discretion placed in the trial court by *Montgomery*.

In the instant case the defendant had a prior burglary conviction and a prior theft conviction. Prior to the first trial defense counsel filed a written motion for the exclusion of any impeachment based on the prior burglary conviction. The written motion asserted several reasons in support of the requested ruling, as pointed out above. The motion was denied. Prior to the second trial defense counsel made an oral request to renew the motion; however, the trial court stated that the motion would be premature at that point. The court stated that the motion should be made at the time the State sought to impeach the defendant by showing the prior convictions. The defendant did not thereafter renew the motion

at any time. He did not testify and was not, therefore, subjected to impeachment.

Although from the defendant's point of view it might have been advantageous to have a pretrial ruling on the admissibility of his prior burglary conviction, defense counsel made no comment to the court's statement that the motion should be made during the trial when the ruling became necessary. Defense counsel neither objected to the refusal of the trial court to make the pretrial ruling nor offered any reasons (such as the dependence of his trial strategy on the ruling) from which the trial court could have determined that a ruling on the admissibility of the prior conviction was necessary prior to trial. Although defense counsel could have renewed the motion at the end of the State's case, or at any time thereafter, and thereby have obtained an advance ruling, he failed to do so.

In determining whether a prior conviction should be admitted for impeachment of a criminal defendant, the trial court might well need to see how the trial has progressed up to the point at which the defendant would take the stand. In determining whether the potential prejudice caused by showing the prior conviction far outweighs the "probative relevance of credibility" or whether the "cause of truth" will be helped by letting the jury hear the defendant's story without the fear of impeachment, sound judicial discretion may require the trial court to hear the State's trial evidence before ruling on the motion. If, after presenting its evidence, the State's proof of defendant's guilt is weak, the potential prejudice of showing the prior conviction will be apparent. Conversely, if the State's proof is strong, such as in the instant case, the lack of prejudice will be apparent.

■■■ To summarize, we recognize that in some cases it may be necessary for the trial court, on proper motion, to make a ruling on the use of a prior conviction before the beginning of the trial, especially where good reasons are shown that defense counsel's trial strategy will depend upon the ruling. However, under the circumstances of the instant case, in which defense counsel offered no such reasons, the refusal of the trial court to make the pretrial ruling was not error. Defendant could still have obtained an advance ruling on the matter by renewing his motion at some point during the trial. However, he failed to do so and thus failed to properly present the issue to the court in the manner as contemplated by *Luck* and *Montgomery*.

Defendant's next contention is that he was denied effective assistance of counsel in that defense failed to submit an accomplice instruction to be given to the jury. Defendant asserts that the only evidence offered

by the State as to defendant's intent was the testimony of Dale Woodland, an accomplice in the offense with which defendant was charged.

■■ First of all we do not agree that the testimony of Woodland was the only evidence of defendant's intent, as defendant has suggested. Even without the testimony of Woodland, the jury could have found the intent of the defendant from the testimony of the other witnesses at trial. In particular, the testimony of several other witnesses, describing the circumstances under which the defendant was apprehended inside the cycle shop at night, was sufficient for an inference of defendant's intent. As was indicated, various items had been piled near the rear window; and when the defendant realized that a police officer was outside the cycle shop he tried to avoid being observed by the officer.

■■ Furthermore, although an accomplice instruction was not offered by defense counsel, an instruction was given that the credibility of the witnesses was a matter for the jury to consider. Under the circumstances of this case we do not feel the failure of counsel to submit an accomplice instruction was so prejudicial as to require a new trial. See *People v. Georgev*, 38 Ill.2d 165, 230 N.E.2d 851, *cert. denied*, 390 U.S. 998, 20 L.Ed.2d 97, 88 S.Ct. 1202; *People v. Williams*, 28 Ill.App.3d 402, 328 N.E.2d 682.

Defendant next urges that reversal is required because the court instructed the jury over objections that the State need not prove motive. Defendant asserts that the State introduced evidence of defendant's motive and commented in closing argument about defendant's motive, and, therefore, the instruction should not have been given.

During the direct examination of Dale Woodland the following colloquy occurred:

"Q. Dale, what was your purpose in going to the Niehaus Cycle Sales building on the 12th of May, 1973, with David Hill and Dennis Plozizka?

A. Dave wanted parts for his bike."

In his closing argument the State's Attorney made the following comment:

"Mr. Woodland also testified that the purpose of them being in the Niehaus Cycle Sales building was to get parts for Dave's motorcycle as he stated for Dave's bike."

During the conference on instructions the State offered Illinois Pattern Instruction, Criminal, No. 3.04, which reads:

"Motive is that which prompts a person to act. The State is not required to prove a motive for the commission of the crime charged."

Defense counsel objected to this instruction, stating that motive was not an element of the crime charged and not in issue. The objection was overruled and the instruction was given.

■■ The giving of this instruction was not properly objected to at trial. Defense counsel's objection was nothing more than a statement of the reasons for which the instruction should, in a particular case, be given. A proper objection would have pointed out that the State had introduced evidence of motive when Woodland stated that Hill, Plozizka, and Woodland were after parts for Hill's motorcycle. Objections to instructions not called to the trial court's attention may not be urged on review. *People v. Dauphin,* 53 Ill.App.2d 433, 203 N.E.2d 166.

Defendant next contends that the trial court erred in denying his motion for a new trial without first determining whether any of the jurors were influenced by two newspaper articles which appeared in the local newspaper on the day before the jury deliberated. Although, as the State points out, the motion for a new trial came more than 30 days after the return of the verdict, we find it unnecessary to consider the effect of the late filing under section 116—1(b) of the Code of Criminal Procedure (Ill. Rev. Stat., ch. 38, § 116—1(b)). For, as will be seen below, defendant would have been in no better position even if the motion had been timely filed.

■■ When prejudice is claimed because of newspaper publications, defense counsel should support his motion by entering the articles into evidence (see *People v. Del Genio,* 10 Ill.App.3d 432, 294 N.E.2d 332) or support the motion by proper affidavit (see *People v. Murawski,* 394 Ill. 236, 68 N.E.2d 272). The unsworn statement of defense counsel as to the contents of the articles is insufficient to show prejudice. (*People v. Harrison,* 384 Ill. 201, 51 N.E.2d 172; *People v. Herbert,* 340 Ill. 320, 172 N.E. 740.) In speaking of the duty of the trial court and of the attorney when a potentially prejudicial article has appeared in a newspaper, the court in *People v. Cox,* 74 Ill.App.2d 342, 347, 220 N.E.2d 7, 10, stated:

> "Its nature, content and prejudicial effect, if any, is to be resolved by the trial court in an exercise of sound discretion. *The article must be produced and made a part of the record* and its prejudicial effect, if any, first carefully explored by the trial court." (Emphasis added.)

Since in the instant case neither the articles themselves nor an affidavit as to their contents or prejudicial effect appears in the record, the potential prejudicial effect of the articles was not properly brought before the trial court. Therefore, we cannot say the trial court erred in denying the motion for a new trial.

Defendant's final contention is that the three- to nine-year sentence imposed by the trial court was excessive. Burglary is a Class Two felony. (Ill. Rev. Stat., ch. 38, § 19—1(b).) The maximum term of a Class Two felony shall be any term in excess of one year not exceeding twenty years. (Ill. Rev. Stat., ch. 38, § 1005—8—1(b)(3).) The minimum term for a Class Two felony shall be one year unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term. Ill. Rev. Stat., ch. 38, § 1005—8—1(c)(3).

██ In the instant case the trial court conducted a lengthy sentencing hearing during which defense counsel and the State's Attorney examined several witnesses including the defendant. The court also had before it a probation officer's report. At the time of the instant offense the defendant was under five years' probation for a 1971 burglary conviction. He also had a 1968 theft conviction for which he had received four years' probation and had been on probation as a juvenile. The trial court had a better opportunity to view the defendant, his record, and the evidence presented in behalf of the defendant as well as that presented by the State. We do not feel the trial court abused its discretion in imposing a sentence of three to nine years. See *People v. Williams.*

For the foregoing reasons, the judgment of the trial court is affirmed.

Affirmed.

KARNS, P. J., and CARTER, J., concur.