■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BENNETTE, Appellant. — Appeal by defendant from a judgment of the Supreme

Court, Kings County, rendered May 18, 1977, convicting him of robbery in the first degree, burglary in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. At trial, defendant stood accused of breaking into his neighbor's apartment, stealing many items therefrom before she arrived home, and menacing and then hitting her over the head with a gun as he fled when she arrived home. With the exception of the complainant's identification of the defendant, which we consider questionable, the People's case is based upon inconclusive circumstantial evidence. The trial court considered defendant's motion, pursuant to *People v Sandoval* (34 NY2d 371), to preclude the prosecutor from cross-examining him with regard to his prior conviction for sexual abuse. It appeared that the conviction was entered upon defendant's plea of guilty predicated upon his admission that he had sodomized an eight-year-old girl by forcing her to engage in an act of fellatio. Not only did the Trial Justice deny the defendant's motion, and specifically rule that the prosecution could, upon cross-examination, delve into the underlying facts of the prior conviction, but after defendant had decided to testify, the Trial Justice interrupted the prosecutor's cross-examination to adduce the underlying facts of the prior crime. We think that the *Sandoval* ruling constituted an abuse of the court's discretion. Where a defendant does not testify and absent certain exceptions to the rule not applicable here, a jury may not be informed of criminal acts committed by a defendant for which he is not on trial (see *People v Molineux,* 168 NY 264; *People v Sandoval, supra).* While it is true that the prior crime committed by the defendant was of a violent nature and as such would indicate that he would place his own interests above those of society (see *People v Sandoval, supra,* p 377), the specific nature thereof is such as would inflame a jury so as to render any probative worth it might have secondary to the prejudice which would be created by its divulgence (see *People v Sandoval, supra,* p 375). Accordingly, the People should have been precluded from utilizing defendant's prior crime in cross-examining him. The prejudice created is apparent in view of the tenuousness of the People's case. A new trial is required. We have considered the other contentions raised by defendant and find them to be without merit. Hopkins, J.P., Rabin and Gulotta, JJ., concur.

Thompson, J., dissents and votes to affirm the judgment, with the following memorandum: Two principles about cross-examining a defendant as to prior convictions remain clear from the leading decisions of *People v Sandoval* (34 NY2d 371) and *People v Duffy* (36 NY2d 258) and their progeny. The first principle is that the trial court must balance the probative value of the evidence concerning the prior convictions with the probability of unfair prejudice. The second principle is that the decision is left to the sound discretion of the Trial Judge. In the instant case, the prior conviction is one which involved violence and a clear disregard of society's interest. It is also a crime which involved a risk of unfair prejudice because of the defendant's choice of the victim of his prior crime. However, "The particular limitations of proof must always depend on the individual facts and circumstances of each case. Such determination will best be made by the trial court" *(People v Sandoval, supra,* p 375). I am reluctant to disturb that discretion which was exercised to strike the balance "between the probative worth of evidence of prior specific criminal, vicious or immoral acts on the issue of the defendant's credibility * * * and * * * the risk of unfair prejudice" *(People v Sandoval, supra,* p 375). "The extent to which disparaging questions, not relevant to the issues, but bearing on the credibility of a witness, may be

put upon cross-examination is discretionary with the trial court and its rulings are not subject to review, unless it clearly appears that the discretion has been abused" *(People v Duffy, supra,* pp 262, 263). I conclude that the trial court did not abuse its discretion in permitting cross-examination about a "specific criminal, vicious or immoral act." Therefore, I would affirm.