■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL POOLE, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered January 8, 1975, convicting defendant on his plea of guilty of murder in the second degree. The defendant raises several contentions, none of which we find to be meritorious. The only one that requires discussion is the claim that the trial court improperly made an advance ruling that the District Attorney could use an earlier conviction and other vicious and immoral acts with which the defendant was involved in the past to impeach the credibility of the defendant if he decided to testify. We conclude that the trial court did not abuse its discretion in ruling that the prosecution was permitted to cross-examine the defendant as to the underlying facts of the conviction of manslaughter in the first degree for which the defendant was incarcerated at the Elmira Correctional Facility at the time of the crime charged herein. The Court of Appeals has placed in the hands of the trial court the decision as to the nature and extent of permissible cross-examination when a defendant takes the stand in his own defense *(People v Sandoval,* 34 NY2d 371). The court held that proof of a prior commission of a crime of calculated violence "may be relevant to suggest his readiness to do so again on the witness stand. A demonstrated determination deliberately to further self-interest at the expense of society or in derogation of the interests of others goes to the heart of honesty and integrity." *(People v Sandoval, supra,* p 377.) Since the defendant produced no proof in an effort to convince the trial court that the underlying facts of his conviction were such that, applying the *Sandoval* rule, proof of his prior conviction should have been barred, we find no error in the trial court's decision. Under the circumstances, it cannot be said that the trial court

abused its discretion in denying defendant's application. *(People v Duffy,* 36 NY2d 258.) Defendant's contention that it was error for the trial court to have denied discovery of the prior vicious and immoral acts intended to be relied upon by the prosecution in impeaching the defendant is likewise rejected. The burden was upon the defendant to inform the court of the prior misconduct which might unfairly affect him as a witness in his own behalf. *(People v Duffy, supra,* p 263; *People v Sandoval,* 34 NY2d 371, *supra.)* This he did not do. Judgment affirmed. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.