■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MAXIM, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered July 14, 1976, convicting defendant upon his plea of guilty of the crime of burglary in the second degree. The defendant was charged by

indictment. with having committed the crime of burglary in the second degree (Penal Law, § 140.25, subd 2) on April 2, 1976 at 9 Northern Boulevard in Albany. Prior to trial the defendant moved to suppress certain tangible evidence and an oral confession, all of which were obtained by the police following their apprehension of the defendant on April 3, 1976 under circumstances not related to the April 2 crime. The trial court denied suppression and further denied a *Sandoval* motion of the defendant to restrict evidence of prior crimes committed by him at trial. The defendant entered his plea of guilty after trial was commenced and following the presentation of some evidence to the jury. Upon this appeal the defendant contends that the trial court erred in finding that the police did not wrongfully invade his constitutional rights. The record establishes that the police on April 3, 1976 observed a male subject in a position where it appeared that he was about to force open a door. Seconds later they took the subject, identified by them as the defendant, into custody and arrested him for attempted burglary. The record abundantly establishes that the police had probable cause to arrest the defendant. Immediately following the arrest, the police officers searched the defendant and found a handkerchief. Upon seeing this handkerchief they believed defendant might have committed a certain burglary on April 2, 1976 and the defendant sought to suppress the handkerchief. Upon the present record there is nothing to indicate that the arrest was improper (cf. CPL 140.10, subd 1) and, therefore, it is established that the search was reasonable as being incident to a lawful arrest *(People v Weintraub,* 35 NY2d 351). Accordingly, the seizure of the handkerchief was not improper. the defendant's remaining contention as to suppression of evidence is dependent upon a finding that the seizure of the handkerchief was illegal and since that seizure is found valid, the denial of the motion to suppress was not error. The defendant's contention that the trial court erred in denying his motion to limit his potential cross-examination pursuant to *People v Sandoval* (34 NY2d 371) as to prior crimes is without any merit (cf. *People v Poole,* 52 AD2d 1010). Judgment affirmed. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.