■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE GILLIAM, True Name LARRY COPELAND, Appellant.—Judgment, Supreme Court, Bronx County, rendered July 13, 1977, convicting defendant on his plea of guilty to robbery, first degree, unanimously affirmed. Upon this appeal, defendant seeks to question the correctness of a ruling made on an application pursuant to *People v Sandoval* (34 NY2d 371), to restrict his potential cross-examination at a trial as to his prior conviction and arrests. Defendant is foreclosed from making any such argument because a plea of guilty waives all nonjurisdictional defects. *(People v Giuliano,* 52 AD2d 240, 243.) Certain objections which do not go to the factual finding of guilt but, rather, to the right of the People to conduct a trial at all have been held not to be waived by a plea of guilty, e.g., failure of timely prosecution *(People v Chirieleison,* 3 NY2d 170) and double jeopardy *(People v Menna,* 38 NY2d 850). In addition, by statute, appeals are permitted after a plea of guilty from orders denying suppression. (CPL 710.70, subd 2.) Appellant's attempt to review a *Sandoval* ruling does not fall within any of the foregoing exceptions. In fact, the *Sandoval* procedure is not based on requirements of any statute or constitutional provision, but constitutes a judicially created safeguard afforded a defendant in a *trial* determination of guilt. Since the right to appeal in criminal cases is statutory, and no statute provides for a review of a *Sandoval* ruling after a plea of guilty, even an express reservation of a claimed right to appeal at the time of taking the plea would be ineffective. Hence, any objection to a *Sandoval* ruling is waived by the plea of guilty. See, however *(People v Maxim,* 58 AD2d 674; *People v Poole,* 52 AD2d 1010), where the Appellate Division, Third Department, without expressly discussing waiver, did consider the merits of *Sandoval* rulings following convictions upon pleas of guilty. Insofar as those decisions implicitly may be taken to support the right to review *Sandoval* rulings following pleas of guilty, we decline to follow them. Were the *Sandoval* ruling reviewable in the case at bar, we would have affirmed, on the merits and found a proper exercise of discretion in disposing of the matter. We have examined appellant's claim of excessiveness of sentence and find it lacking in merit. Concur—Murphy, P. J., Lane, Markewich and Lynch, JJ.