OPINION OF THE COURT
Allan L. Winick, J.
Defendant’s request for a Sandoval hearing is granted to the extent that said hearing shall commence immediately before trial. Defendant requests that the People serve upon the defendant a list of all specific prior immoral or criminal acts, including, inter alia, uncharged crimes, that the People intend to use at trial. Defendant’s request is pursuant to the guidelines of People v Sandoval (34 NY2d 371). Sandoval (supra) suggests a procedural vehicle by way of pretrial motion and, if appropriate, an evidentiary hearing to determine the admissibility of prior specific criminal, vicious or immoral acts. The Court of Appeals (p 375) states: “Thereby, the defendant with definitive advance knowledge of the scope of cross-examination as to prior conduct to which he will be subjected, can decide whether to take the witness stand. Revelation of the impeachment testimony and announcement of the trial court’s ruling in advance of trial are consistent with the objectives today of broad pretrial discovery and disclosure” (emphasis added). One of the key words is “definitive”. Webster’s New Colle-
*218 giate Dictionary (1979 ed) defines “definitive” as “authoritative and apparently exhaustive, serving to define or speaking precisely.” The clear implication of the Court of Appeals is that they wanted the defendant to be aware of all this information relied on by the prosecution so that he can make an “informed” decision concerning whether to take the stand or not. With respect to discovery in general, the Court of Appeals speaks of legislative intent in People v Copicotto (50 NY2d 222, 226): “The criminal discovery procedure embodied in article 240, adopted in substance from Rule 16 of the Federal Rules of Criminal Procedure * * * evinces a legislative determination that the trial of a criminal charge should not be a sporting event where each side remains ignorant of facts in the hands of the adversary until events unfold at trial. Broader pretrial discovery enables the defendant to make a more informed plea decision, minimizes the tactical and often unfair advantage to one side, and increases to some degree the opportunity for an accurate determination of guilt or innocence * * * In short, pretrial discovery by the defense and prosecution contributes substantially to the fair and effective administration of justice.” Sandoval (supra) is but another expression of the elimination of the atmosphere of the arena from a criminal prosecution. But this is not to say that the People have the burden of proof. People v Sandoval (supra, p 378) states: “In each case the defendant shall inform the court of the prior convictions and misconduct which might unfairly affect him as a witness in his own behalf. The trial court in its discretion and in the interests of justice shall then determine whether and to what extent the particular defendant has met his burden, and it is his, of demonstrating that the prejudicial effect of the admission of evidence thereof for impeachment purposes would so far outweigh the probative worth of such evidence on the issue of credibility as to warrant its exclusion.”
Sandoval (34 NY2d 371, supra) has two facets. The first is the motion for a hearing made by defendant, usually as part of an omnibus motion and the second is the hearing during which the defendant has the burden of informing the court of the prior conviction and misconduct which might unfairly affect the defendant as a witness in his own behalf.
*219 The People argue that since the burden is on the defendant to show the prejudice, they do not have to advise the defendant of the prior convictions and misconduct of the defendant on which they will rely for cross-examination purposes since the defendant should be aware of his own misdeeds. Their position is that they need not give the defendant discovery as to these acts or convictions on which they will rely and cite People v Poole (52 AD2d 1010).
This court, with due respect for that Appellate Division, must decline to follow Poole for several reasons.
Firstly, Poole cites as authority People v Duffy (36 NY2d 258). A reading of that case reveals that the Court of Appeals made no such holding in Duffy. On the contrary, reading Sandoval {supra) and the cases following, one must conclude that discovery is the only way the defense will know upon which acts of misconduct and upon which convictions the People will rely in cross-examining the defendant who takes the stand. Armed with this, the defendant “with definitive advance knowledge of the scope of cross-examination as to prior conduct to which he will be subjected, can decide whether to take the witness stand.” (People v Sandoval, supra, p 375; People v Duffy, supra, p 263.) Sandoval (supra, p 375) continues: “Revelation of the impeachment testimony and announcement of the trial court’s ruling in advance of trial are consistent with the objectives today of broad pretrial discovery and disclosure” (emphasis supplied).
The defendant may or may not tell his counsel of all the misdeeds he has committed in his lifetime. His “confession” may be incomplete because he lies, he doesn’t remember, he withholds the truth, or he doesn’t deem an act an act of misconduct. If the People reveal the acts they rely on by way of discovery, defense counsel cannot be trapped by not knowing about an incident.
Armed with “definitive knowledge” of the misconduct relied upon, an informed decision can be made as to whether or not the defendant will take the stand. “Revelation of impeachment testimony” means revealing the acts of misconduct by the People.
*220 Secondly, there appears to be no decision directly on this point made by the Appellate Division of this department or by the Court of Appeals. The usual rule whereby in that circumstance an appellate ruling of another department should be followed by a nisi prius court will not be adhered to for the reasons above stated.
Thirdly, the holding in Poole (supra) flies directly in the face of Sandoval (supra) and Copicotto (50 NY2d 222, supra) and is a step backwards toward making the courtroom an arena rather than a search for truth. It also impinges to some extent on the privilege a defendant has not to take the witness stand in his own defense. Taking the stand uninformed as to the nature of the attack to be made upon him by evidence of prior misconduct lessens, to a degree which cannot be measured, the privilege to decline to take the stand in one’s own defense. Nor need the law encourage, to any extent, perjury by compelling the defendant to shadow box to determine if he should testify by having to guess what the People will use for cross-examination purposes.
The defendant has the burden of going forward, and not the People, to demonstrate that the prejudice to the defendant outweighs the probative value of the evidence. Whenever an evidentiary hearing is ordered, it is the defendant’s obligation to inform the court of the prior convictions and misconduct which might unfairly affect the defendant. But before the defendant can do so, it is necessary for him to have a compilation of these past misdeeds upon which the District Attorney will rely in his cross-examination of the defendant. This is not to say that the District Attorney must actively do research to determine this information. But whatever information the District Attorney wants to use, it must first disclose to the defendant. This procedure would most likely prevent the necessity of a “mini Sandoval hearing” during the course of the trial and, of course, give the defendant the opportunity to make decisions as to whether he should take the stand. (See People v Ortero, 75 AD2d 168.)
What the court is saying this day, in essence, is that the District Attorney has an obligation to furnish the defense counsel with information as to the prior convictions and *221 immoral conduct that the District Attorney may elect to use, but this applies only to those misdeeds of which the People have actual knowledge at the time of the Sandoval hearing. This compilation shall be turned over to the defendant’s counsel if a Sandoval hearing is granted. This duty shall continue until the time of the Sandoval hearing on the eve of trial and, of course, through the duration of the trial.