THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBRA PAGAN, Appellant. [747 NYS2d 174]

Defendant's suppression motion was properly denied. The police arrived at the scene of a reported robbery and saw a group of people, including the identifying witnesses, barricading defendant. This did not constitute a police-arranged identification procedure (*see People v Clark*, 85 NY2d 886). Even if the encounter were to be considered a showup, there would still be no basis for suppression since it was prompt, on-the-scene and not unduly suggestive (*see People v Duuvon*, 77 NY2d 541).

Defendant's argument that her plea was involuntary because it was made under the threat of a higher sentence is unpreserved (*see People v Toxey*, 86 NY2d 725), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the record clearly establishes the voluntariness of the plea. The court's discussion of defendant's possible sentencing exposure in the event of a conviction after trial was appropriately informative, not coercive (*see People v Robinson*, 287 AD2d 398, *lv denied* 98 NY2d 680; *People v Cornelio*, 227 AD2d 248, *lv denied* 88 NY2d 982).

We find that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708; *People v Ford*, 86 NY2d 397, 404). Counsel conducted the suppression hearing in an appropriate manner, provided sound advice to defendant as to the strength of the People's case and the benefits of pleading guilty, and obtained very favorable plea terms.

Defendant's challenge to the court's *Sandoval* ruling is foreclosed by her guilty plea (*People v Gilliam*, 65 AD2d 533, *lv denied* 46 NY2d 840).

We perceive no basis for a reduction of sentence. Concur—Nardelli, J.P., Saxe, Buckley, Ellerin and Marlow, JJ.