■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULYSSES TOMPKINS, Appellant. [61 NYS3d 496]—

Judgment, Supreme Court, New York County (Thomas Farber, J.), rendered October 14, 2014, as amended October 17, 2014, convicting defendant, upon his plea of guilty, of burglary in the first degree and robbery in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 10 years, unanimously affirmed. Order, same court and Justice, entered on or about May 25, 2016, which denied defendant's CPL 440.20 motion to set aside the sentence, seeking, among other things, a new determination of the length of the final order of protection, unanimously modified, on the law, the matter remanded for a new determination of the duration of the order, and otherwise affirmed.

The court properly denied defendant's motion to withdraw his guilty plea. The record as a whole establishes that the plea was knowingly, intelligently and voluntarily made. The circum-

stances of the plea were not coercive (*see People v Fiumefreddo*, 82 NY2d 536, 544 [1993]), notwithstanding the fact that the court warned defendant that the plea offer would be revoked if not accepted within the 24-hour period given to defendant to consider it, "because defendant had already received an extensive opportunity to consider the strength of the People's case and confer with counsel about the advisability of pleading guilty" (*see People v Luckey*, 149 AD3d 414, 415 [1st Dept 2017], *lv denied* 29 NY3d 1082 [2017]). The court's discussion of defendant's possible sentencing exposure was not coercive (*see People v Pagan*, 297 AD2d 582 [1st Dept 2002], *lv denied* 99 NY2d 562 [2002]). Defendant received a reasonable opportunity to present all of his claims, and any claim of innocence was contradicted by his admissions during the plea. We have considered and rejected defendant's remaining claims regarding the plea.

As the People concede, the expiration date of the order of protection is erroneous because it was calculated without taking jail time credit into account (*see People v Jackson*, 121 AD3d 434 [1st Dept 2014]). Concur—Manzanet-Daniels, J.P., Mazzarelli, Webber and Oing, JJ.