■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER M. O'NEAL, Appellant.—Harvey, J. Appeal from a judgment of the Supreme Court (Ellison, J.), rendered Octo-

ber 31, 1985 in Tompkins County, upon a verdict convicting defendant of the crimes of grand larceny in the third degree and offering a false instrument for filing in the first degree.

In March 1985, defendant was indicted for the crimes of grand larceny in the third degree and offering a false instrument for filing in the first degree. The charges stemmed from defendant's alleged illegal procurement of welfare benefits. In June 1985, while awaiting trial on these charges, he was found guilty of an unrelated charge of robbery in the third degree. In August 1985, defendant was found guilty of the charges contained in the March 1985 indictment. After the verdict had been rendered, but before sentencing for those crimes, defendant's June 1985 conviction for robbery in the third degree was vacated upon the ground that the prosecution had failed to disclose to defendant certain exculpatory evidence. Following sentencing on the August 1985 conviction, defendant appealed.

Defendant contends that his August 1985 conviction should be reversed because he would have testified at that trial had it not been for the fact that he might have been cross-examined regarding the June 1985 conviction. A defendant who wishes to testify on his own behalf can obtain a prospective ruling as to what, if any, prior criminal, vicious and immoral acts the prosecution will be allowed to use on cross-examination *(People v Sandoval,* 34 NY2d 371). It was incumbent upon defendant to inform the court of the prior convictions and misconduct for which he sought a pretrial ruling *(supra,* at 378; *accord, People v Duffy,* 36 NY2d 258, 263, *cert denied* 423 US 861; *but see,* CPL 240.43, as added by L 1987, ch 222, eff Nov. 1, 1987).

Here, defendant made a *Sandoval* motion. However, the only prior acts which the record reveals that defendant sought a ruling on were his 1983 convictions for attempted assault in the first degree and attempted criminal use of a firearm in the second degree. Defendant's motion was denied as to these 1983 crimes. Although defendant now contends that he did not testify on his own behalf because of fear of impeachment regarding the June 1985 conviction, the record does not reflect that he sought a *Sandoval* ruling regarding that crime. The record does reveal, however, that if defendant had taken the stand, he could have been questioned regarding his 1983 convictions. Since defendant failed to obtain a dispositive ruling regarding whether the prosecution could inquire about the June 1985 conviction, he cannot now obtain reversal based upon speculation that he would have testified had it not been

for fear of cross-examination regarding that crime. This is particularly true here, where it is evident that defendant's fear of impeachment regarding his 1983 convictions may have been the reason for his decision not to testify.

Defendant further contends that the prosecution's failure to turn over exculpatory evidence with respect to the June 1985 conviction, which resulted in that conviction being reversed, denied him a fair trial in the instant case. This contention is meritless. The June 1985 and August 1985 trials involved totally separate incidents and were in no way factually related. Nor was the exculpatory evidence which the prosecution failed to turn over prior to the June 1985 trial in any way helpful to defendant's defense in the subsequent trial.

Judgment affirmed. Weiss, J. P., Yesawich, Jr., Levine and Harvey, JJ., concur.