■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIECZYSLAW CHARKOW, Also Known as MICHAEL CHARKOW, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered October 8, 1985, convicting him of scheme to defraud in the first degree (two counts), possession of a false measuring device (eight counts), use of a false measuring device (eight counts), selling or offering for sale fuel from a storage tank containing more than two inches of water (eight counts), and violation of Agriculture and Markets Law § 185 (2), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court did not commit reversible error when it instructed the jury as to the need for a unanimous verdict. Nor was it error for the court to have indicated that the verdict must be based upon the true personal belief of each individual juror rather than a mere acquiescence in the conclusion of the other jurors *(see, People v Ali,* 47 NY2d 920).

We further find that the trial court did not unduly restrict the jury's right to have testimony read back, by suggesting that it would be "helpful" if the request for a readback of testimony was limited to relevant portions of the testimony which might aid the jury in its deliberations *(see, People v Pena,* 50 NY2d 400, *rearg denied* 51 NY2d 770, *cert denied* 449 US 1087).

Equally unavailing is the defendant's assertion that the prosecutor improperly questioned him, upon cross-examination, with regard to a prior bad act. Firstly, the defendant failed to request a *Sandoval* hearing prior to trial *(see, People*

*v Sandoval,* 34 NY2d 371). Secondly, the defendant withdrew his objection to this line of inquiry; therefore, the issue has not been preserved for appellate review *(see,* CPL 470.05 [2]). In any event, we find that the cross-examination of the defendant regarding his failure to pay taxes and his practice of paying employees "off the books" was appropriate and relevant for impeachment purposes since this information demonstrated the defendant's willingness to place his interests ahead of those of society *(see, People v Duffy,* 36 NY2d 258, *mot to amend remittitur granted* 36 NY2d 857, *cert denied* 423 US 861).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or devoid of merit. Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.