■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO RICE, Appellant. [795 NYS2d 226]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered August 6, 2003, convicting defendant, upon his plea of guilty, of three counts of attempted criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 1½ to 3 years, unanimously affirmed.

Defendant's ineffective assistance of counsel claim involves matters outside the record including counsel's investigation of the case and his advice to defendant concerning the advisability of accepting the advantageous disposition offered by the People at an early stage of the proceedings. Therefore, it is unreviewable on direct appeal. The existing record indicates that defendant received effective assistance (*see People v Ford*, 86 NY2d 397, 404 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]).

Defendant's unpreserved challenge to the validity of his plea does not come within the narrow exception to the preservation requirement (*see People v Toxey*, 86 NY2d 725 [1995]; *People v Lopez*, 71 NY2d 662 [1988]), and we decline to review it in the interest of justice. Were we to reach this claim in the interest of justice, we would find that the record establishes the voluntariness of the plea. There was nothing coercive about the court's mention of defendant's possible sentencing exposure in the event of a conviction after trial (*see e.g. People v Pagan*, 297

AD2d 582 [2002], *lv denied* 99 NY2d 562 [2002]). On the contrary, that discussion occurred after defendant had already chosen to plead guilty, and was part of the court's explanation of its sentence promise during the plea allocution. Concur— Buckley, P.J., Saxe, Ellerin, Nardelli and Williams, JJ.