■ In the Matter of Leon T., a Person Alleged to be a Juvenile Delinquent, Appellant. [804 NYS2d 79]—

Order of disposition, Family Court, Bronx County (Alma Cordova, J.), entered on or about June 15, 2004, which adjudicated appellant a juvenile delinquent, upon his admission of an act which, if committed by an adult, would constitute the crime of attempted assault in the second degree, and placed him on probation for a period of 12 months, unanimously affirmed, without costs.

In his application to withdraw his admission, appellant did not raise his current challenges to the court's allocution procedure, and we decline to review these unpreserved claims in the interest of justice. Were we to review these claims, we would find that the allocution met all constitutional requirements (*see Matter of Jermaine J.*, 6 AD3d 87 [2004], *lv denied* 3 NY3d 606 [2004]). Appellant's principal complaint concerns the sequence of events at his allocution. The court first asked appellant if he intended to admit to the particular criminal act in question and obtained an affirmative response; it then thoroughly explained the rights appellant was waiving; and it finally elicited appellant's formal admission to attempting to seriously injure the victim. We find nothing defective about this sequence. Appellant's assertion that he was forced to "incriminate" himself

prior to receiving any warnings is meritless; the admission had no "incriminating" effect until it was finally accepted by the court.

The court properly denied appellant's motion to withdraw his admission (*see People v Frederick*, 45 NY2d 520 [1978]). The record establishes the voluntariness of the admission, and appellant did not offer any substantial reason for withdrawal. Concur—Buckley, P.J., Nardelli, Williams, Gonzalez and McGuire, JJ.