In the Matter of FONTAINE O., a Person Alleged to be a Juvenile Delinquent, Appellant. [955 NYS2d 874]—

Appellant's admission was knowingly, intelligently and voluntarily made. That the factual inquiry preceded the advisement of rights does not require reversal. The court fully advised ap-

pellant and his adult sister of the rights appellant was waiving before the court accepted and entered the admission, at which point it became final (see Matter of Sean B., 99 AD3d 433 [1st Dept 2012]). As in Matter of Leon T. (23 AD3d 256, 256-257 [1st Dept 2005]), "[a]ppellant's assertion that he was forced to 'incriminate' himself prior to receiving any warnings is meritless; the admission had no 'incriminating' effect until it was finally accepted by the court."

Appellant's other challenges to his admission are likewise unavailing. The court sufficiently explained the rights that appellant was waiving (see generally Boykin v Alabama, 395 US 238 [1969]), and the adult sibling's allocution sufficiently incorporated appellant's allocution by reference (see Matter of Humberto R., 81 AD3d 471 [1st Dept 2011]). Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.