Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 24, 2012, convicting defendant, upon his plea of guilty, of conspiracy in the second degree and three counts of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 5x/2 to I6V2 years, to be served consecutively to three concurrent terms of four years, unanimously affirmed.
Defendant’s unpreserved challenges to the validity of his plea do not come within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665 [1988]), and we decline to review them in the interest of justice. As an alternative holding, we find that the plea was knowing, intelligent and voluntary. The charges to which defendant pleaded guilty, and the sentencing consequences, were adequately set forth at the time of the plea, and defendant’s complaint about the sequence in which the court conducted the allocution is without merit (see Matter of Leon T., 23 AD3d 256 [1st Dept 2005]).
*627 Defendant’s ineffective assistance of counsel claims are unreviewable on direct appeal because they largely involve matters not reflected in, or fully explained by, the record (see e.g. People v Harmon, 50 AD3d 318 [1st Dept 2008], lv denied 10 NY3d 935 [2008]; People v Rice, 18 AD3d 351 [1st Dept 2005], lv denied 5 NY3d 768 [2005]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards in connection with his guilty plea (see People v Ford, 86 NY2d 397, 404 [1995]; Strickland v Washington, 466 US 668 [1984]; see also Lafler v Cooper, 566 US —, 132 S Ct 1376 [2012]).
Concur—Tom, J.E, Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.