People v Edwards (2018 NY Slip Op 00235)





People v Edwards


2018 NY Slip Op 00235


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


5437 5584/13

[*1]The People of the State of New York, Respondent,
v
William Edwards, Defendant-Appellant.


Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Alan Gadlin of counsel), for respondent.



Judgment, Supreme Court, New York County (Renee A. White, J.), rendered June 3, 2014, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve communications between defendant and counsel that are not reflected in the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards in connection with his plea (see People v Benevento, 91 NY2d 708, 713-714 [1998]; People v Ford, 86 NY2d 397, 404 [1995]; Strickland v Washington, 466 US 668 [1984]).
Defendant's challenges to the validity of his plea do not fall within the narrow exception to the preservation requirement (see People v Conceicao, 26 NY3d 375, 382 [2015]), and we decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find that the record as a whole establishes that the plea was knowingly, intelligently and voluntarily made. Defendant's challenges to the form, sequence and content of the plea colloquy are without merit (see e.g. People v Rivera, 118 AD3d 626 [1st Dept 2014], lv denied 24 NY3d 964 [2014]).
Defendant's argument concerning his adjudication as a second violent felony offender is likewise unpreserved, and we decline to review it in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK